**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELIZABETH COBLE, MILAGROS HARPER and DENNIS HARPER, on behalf of themselves and others similarly situated | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ., MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN, ESQ. and CRYSTAL S.A. SCOTT, ESQ. | ) ) ) |
| | ) |
| Defendants. | ) |

Civil Action No. 7:11cv1037 (VB)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendants*
150 East 42nd Street
New York, New York 10017
212-490-3000

4632142v.1

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................. ii

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS............................................................................................................... 2
Preliminary Statement........................................................................................... 2
Statement of Facts................................................................................................. 3
     *Elizabeth Coble* ............................................................................................. 3
     *Milagros Harper* ........................................................................................... 3
     *Dennis Harper* .............................................................................................. 4
     *Vega Affidavit*............................................................................................... 4
Argument ............................................................................................................... 5
  1.    STANDARD FOR MOTION TO DISMISS ........................................................ 6
  2.    PURSUANT TO THE DOCUMENTARY EVIDENCE PLAINTIFFS' CLAIMS
       ARE BARRED BY THE STATUTE OF LIMITATIONS .................................... 9
    A.   The Plaintiffs do not Allege that Defendants Engaged in Conduct Justifying
        Invoking the Extraordinary Doctrine of Equitable Tolling, and Failed to
        Exercise the Necessary Due Diligence............................................................ 12
        Plaintiffs did not Engage in any Efforts to Discover their Claims as Required to
        Invoke Equitable Tolling ................................................................................ 13
        Plaintiffs Fail to Allege any Wrongful Conduct by Defendants – Either "Self-
        Concealing" Wrongful Conduct, or Affirmative Steps to Conceal Fraud –
        Sufficient to Invoke Equitable Tolling ........................................................... 15
    B.   The Equitable Tolling Allegations Plainly are Insufficient Under the
        Heightened Pleading Requirements of Federal Rule 9(b)................................ 19
Conclusion ............................................................................................................ 20

# TABLE OF AUTHORITIES

## CASES

*Armstrong v. McAlpin*,
    699 F.2d 79 (2d Cir. 1983)....................................................................19, 20

*Bates v. C&S Adjusters, Inc.*,
    980 F.2d 865 (2d Cir. 1998)..............................................................................9

*Boddie v. Schneider*,
    105 F.3d 857 (2d Cir. 1997).............................................................................7

*Bowers v. Transportation Maritima Mexicana*,
    901 F.2d 258 (2d Cir. 1990)...........................................................................13

*Cantor Fitzgerald, Inc. v. Lutnick*,
    313 F.3d 704 (2d Cir. 2002)...........................................................................11

*Caprino, et al. v. Cohen & Slamowitz, LLP, et al.*,
    (EDNY) (ocket: 2:05-CV-04814)...........................................................4, 10, 16, 17

*Coveal v. Consumer Home Mortgage, Inc.*,
    2005 WL. 704835 (E.D.N.Y. 2005)...............................................................19

*Direct Merchants Credit Card Bank v. Harper*
    (Westchester Supreme) (Index: 21529/02)........................................................3

*Discover Bank v. Coble,*
    (Index No. 36085/05)........................................................................................3

*Discover Bank v. Harper,*
    (Westchester Supreme) (Index: 2661/02)........................................................4

*Eickhorst v. E.F. Hutton Group, Inc.,*
    763 F. Supp. 1196 (S.D.N.Y. 1990)..............................................................19

*Eubanks v. Liberty Mortg. Banking Ltd.,*
    976 F. Supp. 171 (E.D.N.Y. 1997) ...............................................................19

*Feick v. Fleener,*
    653 F.2d 69 (2d Cir. 1981)..............................................................................10

*Greenwald v. Manko,*
    840 F. Supp. 198 (E.D.N.Y. 1993) .........................................................12, 15

*Hirsh v. Arthur Anderson & Co.,*
    72 F.3d 1085 (2d Cir. 1995)..............................................................................7

*Irwin v. Department of Veterans Affairs,*
    498 U.S. 89 (1990)..........................................................................................11

*Johnson v. Nyack Hospital,*
    86 F.3f (2d Cir. 1996) ..............................................................................11, 13

*McAnaney v. Astoria Financial Corp.,*
    2008 WL. 222524 (E.D.N.Y. 2008).........................................................15, 18

*McKenna v. Wright,*
    386 F.3d 432 (2d Cir. 2004)..............................................................................6

*New York v. Hendrickson Brothers, Inc.*,
    840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848 (1988)................................12, 16, 17, 18

*Sazerac Company, Inc. v. Falk*,
    861 F. Supp. 253 (E.D.N.Y. 1994) *citing Feick v. Fleener*, 653 F.2d 69 (2d
    Cir. 1981) ........................................................................................................................10

*Seabrook v. Onondaga Bureau of Medical Economics, Inc.*,
    705 F. Supp. 81 (N.D.N.Y. 1989)....................................................................................9

*Solow v. Stone*,
    994 F. Supp. 173 (S.D.N.Y.) *aff'd* 163 F.3d 151 (2d Cir. 1988) ......................................19

*Somin v. Total Community Management Corp.*,
    494 F. Supp. 2d 153 (E.D.N.Y. 2007) ..................................................9, 11, 12, 13, 18

*Staehr v. Hartford Financial Svcs. Group, Inc.*,
    547 F.3d 406 (2d Cir. 2008)..............................................................................................6

*Wright v. Zabarkes*,
    2008 WL. 872296 (S.D.N.Y. 2008).................................................................................11

*Ying Jing Gan v. City of New York*,
    996 F.2d 522 (2d Cir. 1993)..............................................................................................8

## STATUTES

15 U.S.C. §§ 1691 *et seq*.............................................................................................................2
15 U.S.C. § 1692a(3)......................................................................................................................8
15 U.S.C. § 1692a(6)......................................................................................................................8
15 U.S.C. § 1692k..........................................................................................................................9
Fed. R. Civ. P. 9(b) ..................................................................................................................2, 19
Fed. R. Civ. P. 12(b)(6)...................................................................................................2, 6, 7, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH COBLE, MILAGROS HARPER and DENNIS HARPER, on behalf of themselves and others similarly situated ) ) ) | Civil Action No. 7:11cv1037 (VB) |

ELIZABETH COBLE, MILAGROS HARPER and )
DENNIS HARPER, on behalf of themselves and )  Civil Action No. 7:11cv1037 (VB)
others similarly situated )
)
          Plaintiffs, )
)
   vs. )
)
COHEN & SLAMOWITZ, LLP, DAVID COHEN, )
ESQ., MITCHELL SLAMOWITZ, ESQ., LEANDRE )
JOHN, ESQ. and CRYSTAL S.A. SCOTT, ESQ. )
)
          Defendants. )

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

### Preliminary Statement

The plaintiffs have asserted on behalf of themselves and a class of persons purportedly similarly situated federal statutory causes of action under the Fair Debt Collection Practices Act, codified at 15 U.S.C. §§ 1691 *et seq.* ("FDCPA") in their complaint dated February 15, 2011.  Defendants Cohen & Slamowitz, LLP, David Cohen, Mitchell Slamowitz, Leandre John and Crystal S.A. Scott (collectively "C&S") seek to dismiss with prejudice the FDCPA claims asserted by the plaintiffs against them pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Plaintiffs' claims target efforts to collect defaulted credit card debts in New York State Courts using affidavits of service provided by Midlantic Service, Inc. in order to obtain defaults for the plaintiffs' failure to appear and defend their collection actions. Even a cursory review of the plaintiffs' complaint shows that the allegations in the complaint are well past the statute of limitations under the FDCPA and cannot be cured by alleging fraudulent concealment or estoppel.

## Statement of Facts

Accepting the allegations of the Complaint as true only for purposes of the motion to dismiss, the relevant facts by plaintiffs are as follows:

### *Elizabeth Coble*

Ms. Coble maintains that she had a default judgment taken against her in New York Civil Court in **2005** in an action entitled *Discover Bank v. Coble* (Index No. 36085/05).  Complaint ¶ 8 (emphasis added).  C&S was counsel for Discover Bank and the affidavit of service that C&S filed or caused to be filed was provided by Midlantic Process, Inc.  Complaint ¶ 10.  The affidavit submitted by or on behalf of C&S was executed by Alfred Smith.  Complaint ¶ 47.  The affidavit indicated that two prior attempts had been made on August 2, 2005 and August 3, 2005 and that John Doe was questioned about whether or not Ms. Coble was in the military.  Complaint ¶ 49.  A default judgment for $10,670.52 was entered against Ms. Coble on **December 7, 2005**.  Complaint ¶ 51 (emphasis added).  Ms. Coble became aware of the New York judgment for the first time in **mid-2009** and sought to vacate the default judgment on **September 7, 2010**.  Complaint ¶¶ 53, 56 (emphasis added).  Ms. Harper alleges that she was not aware of the "Vega Affidavit" until October of 2010 when she retained her current counsel.  Complaint ¶ 59.  The judgment against Ms. Coble was vacated and the action was discontinued on November 3, 2010.

### *Milagros Harper*

Mrs. Harper is the judgment debtor in a consumer collection action titled *Direct Merchants Credit Card Bank v. Harper* (Westchester Supreme) (Index: 21529/02).  Complaint ¶ 13.  C&S was counsel to Direct Merchants Credit Card Bank in said action, and the affidavit of service for the Summons and Complaint that C&S filed or caused to

be filed, was provided by Midlantic Process, Inc.  Complaint ¶ 14.  The affidavit provided for the default judgment was executed by Kenneth Vega.  Complaint ¶ 73.  A default judgment for $5,050.31 was entered against Mrs. Harper on **December 7, 2005**.  Complaint ¶ 68 (emphasis added).  Mrs. Harper alleges that she was not aware of the "Vega Affidavit" until August of 2010 when she retained her current counsel.  Complaint ¶ 70.

### *Dennis Harper*

Mr. Harper, who is married to Milagros Harper, is the judgment debtor in a consumer collection action titled *Discover Bank v. Harper* (Westchester Supreme) (Index: 2661/02).  Complaint ¶ 17.  C&S was counsel to Discover Bank in said action, and the affidavit of service for the Summons and Complaint that C&S filed or caused to be filed, was provided by Midlantic Process, Inc.  Complaint ¶ 18.  The affidavit provided for the default judgment was executed by Kenneth Vega.  Complaint ¶ 73.  A default judgment for $12,891.37 was entered against Mr. Harper on **October 21, 2002**.  Complaint ¶ 77.  Mr. Harper became aware of the October 2002 lawsuit in August of 2010 when he reviewed the online court files of the Westchester County Clerk.  Complaint ¶ 80.  Mr. Harper alleges that he was not aware of the "Vega Affidavit" until August, 2010 when he retained his current counsel.  Complaint ¶ 81.

### *Vega Affidavit*

Between **2005** and **2008** the defendants filed approximately 312,000 debt collection cases in New York.  Complaint ¶ 27.  An individual collection action titled *Caprino, et al. v. Cohen & Slamowitz, LLP, et al.*, (EDNY) (Docket: 2:05-CV-04814), was brought by Frank Caprino on **October 12, 2005** alleging, among other things, that he never received notice of a lawsuit being filed against him.  *See* **Exhibit A**, Caprino

Complaint ¶ 32.  In addition to C&S, Midlantic Process, Inc. was a named defendant, the owners of Midlantic were named defendants (Robert Schusteritsch and Vivian Schusteritsch) and Kenneth Vega (process server for Midlantic) was a named defendant. Complaint ¶ 29.

On **October 30, 2006**, Mr. Vega openly confessed to routinely making substantively false statements in affidavits of service filed on behalf of C&S estimating that between 1995 through February, 2006, he filed between 30 and 90 false affidavits a week in New York State Courts, and that C&S was counsel for the plaintiff in 75-80% of these cases.  Complaint ¶ 30.  As part of his affidavit, Mr. Vega reviewed 95 affidavits of service and stated that in each case, *inter alia*, his signature was signed by another, he did not appear in front of a notary for signature on any of the dates indicated, that he made no previous "attempts" at service, he never went to any residence or business listed more than one time, he did not make any of the mailings of the Summons and Complaint indicated on these affidavits of service, and that it was not his general practice to ask about a defendants' military status.  Complaint ¶ 32.  Not only was Ms. Coble served by a process server other than Kenneth Vega, none of the other named plaintiffs appear in the 95 affidavits that Mr. Vega reviewed in **2006** *after* judgments had been obtained against the named plaintiffs more than **4 years prior**.  Complaint Exhibit 1.

## <u>Argument</u>

The plaintiffs' complaint should be dismissed in its entirety as all of the allegations are beyond the statute of limitations.  A cursory review of the facts stated above, which are all accepted as true only for the purpose of this motion to dismiss, clearly show that Ms. Coble was aware of a default judgment against her in **mid-2009**, that the "Vega Affidavit" post dates all of the defaults obtained against Ms. Coble, and

5

Mr. and Mrs. Harper, and that the "Vega Affidavit" makes no reference to **any** of the named plaintiffs.  It is also clear from a cursory review of the above facts, that there is no allegation that C&S knew or should have known that the affidavits provided by Mr. Vega were in any way inaccurate or untruthful at the time the defaults against the named plaintiffs were obtained or after the "Vega Affidavit" was executed as **none** of the named plaintiffs are named as individual that were improperly served.

## 1.     STANDARD FOR MOTION TO DISMISS

The plaintiffs' complaint should be dismissed in its entirety as there are no allegations that fall within the one year statute of limitations under the FDCPA. Motions to dismiss a complaint on statute of limitations grounds are properly brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  Such motions may be granted if the defense appears on the face of the complaint and it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Id.*; *see also Staehr v. Hartford Financial Svcs. Group, Inc.*, 547 F.3d 406, 412 (2d Cir. 2008).

In the instant action, there are no set of facts that can support the plaintiffs' claim of a violation of the FDCPA.  The plaintiffs' entire complaint is centered around the "Vega Affidavit," which not only fails to address any of the actions against the named plaintiffs (Complaint, Exhibit 1), it was executed almost one year after the default judgment was obtained against Ms. Coble (Complaint ¶ 51), almost one year after the default judgment was obtained against Mrs. Harper (Complaint ¶ 68) and more than 4 years after the default judgment was obtained against Mr. Harper (Complaint ¶ 77).  In addition to the above, the affidavit of service that was used to obtain the default judgment against Ms. Coble was not executed by Mr. Vega, but was executed by Alfred Smith.

4632142v.1

Complaint ¶ 47.  There are no set of facts that the plaintiffs can allege that would support a cause of action under the FDCPA's one year statute of limitations.

A claim must be dismissed under Fed. R. Civ. P. 12(b)(6) unless it "assert[s] a cognizable claim and allege[s] facts that, if true, would support such a claim." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997).  Although the factual allegations of a complaint must be accepted as true and all inferences drawn in favor of the plaintiff, merely "[g]eneral, conclusory allegations need not be credited . . . when they are belied by specific allegations." *Hirsh v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).  The plaintiffs have alleged that Ms. Coble became aware of the "Vega Affidavit" in October of 2010 when she retained Schlanger & Schlanger, LLP (Complaint ¶ 59), which is bellied by at least two other allegations in the plaintiffs' complaint indicating that (1) the affidavit that was used to obtain the default judgment against Ms. Coble was executed by Alfred Smith, not Kenneth Vega (Complaint ¶ 47) and (2) Ms. Coble became aware of the default judgment against her in mid-2009 (Complaint ¶ 53).  Ms. Coble is not named in the "Vega Affidavit" making the date on which she was made aware of the affidavit inconsequential to her when she should have brought an FDCPA action knowing in **mid-2009** that she had never been served with process if in fact that was true.

The plaintiffs further allege that Mr. and Mrs. Harper became aware of the "Vega Affidavit" in August of 2010 when meeting with counsel.  Complaint ¶¶ 70, 81.  Even if these allegations, which are completely self-serving and meant only to provide a legitimate time frame within which to bring an FDCPA claim, are accepted as true, the allegations lend nothing to the alleged breach of the FDCPA because the plaintiffs' own

Exhibit fails to identify Mr. or Mrs. Harper as individuals that were improperly served. Complaint, Exhibit 1.

Legal conclusions are not afforded any presumption of truthfulness. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) (Internal quotations omitted). The plaintiffs' complaint is full of legal conclusions, which cannot be afforded any presumption of truthfulness, including but not limited to allegations that: (1)the plaintiffs' are "consumers" as that term is defined in 15 U.S.C. § 1692a(3) (Complaint ¶¶ 11, 15 and 19); (2) the defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) (Complaint ¶¶ 20-25); (3) C&S has an ongoing obligation to advise the Court and its adversaries if it becomes aware that it no longer has a good faith basis for its allegations (Complaint ¶ 39); (4) C&S "falsely" stated that it had or has a good faith belief in the accuracy and propriety of affidavits from Midlantic; (5) defendant's "affirmative misrepresentations and omissions with regard to the Midlantic affidavits and its good faith belief in their propriety constitute unfair and deceptive collection practice" (Complaint ¶ 44); (6) the numerosity, predominance, adequacy and superiority prongs required for class certification are met (Complaint ¶¶ 86-90); (7) C&S fraudulently concealed the information in the "Vega Affidavit" from consumers (Complaint ¶ 92); (8) C&S is estopped from claiming statue of limitations (Complaint ¶ 93); and (9) all of the allegations contained in Paragraphs 95 through 100 of the Complaint.

Under the applicable standard, the plaintiffs' complaint fails to state a legally sufficient claim for relief and should be dismissed in its entirety.

4632142v.1

**2.      PURSUANT TO THE DOCUMENTARY EVIDENCE PLAINTIFFS'
CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

The documentary evidence proves that the plaintiffs' claims are barred by the statute of limitations under the FDCPA.  The FDCPA provides that an action to enforce any liability created by the Act must be commenced "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k.  While a question may exist as to whether the cause of action accrues on the date upon which the allegedly unlawful communication is received, there is no question that the latest date upon which the one year begins to run is the date when a plaintiff received an allegedly unlawful communication.  *See Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 n.2 (2d Cir. 1998) (noting, but not deciding issue as to whether FDCPA claim accrues upon mailing or receipt of allegedly unlawful communication); *see also Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F. Supp. 81, 83 (N.D.N.Y. 1989); *Somin v. Total Community Management Corp.*, 494 F. Supp. 2d 153 (E.D.N.Y. 2007).

In the instant action, Ms. Coble's claims under the FDCPA would have started to run in mid-2009 when she first learned of the default judgment against her, if not before. (Complaint ¶ 53).  Upon learning of the default, Ms. Coble would have or should have been aware that she was never served with an action, as is alleged in the complaint and therefore would have or should been aware of a possible violation under the FDCPA.  It is inconsequential when Ms. Coble learned of the "Vega Affidavit" as he was not the process server responsible for service of C&S's suit against her.  Any claims in the plaintiffs' complaint as they relate to Ms. Coble are barred by the statute of limitations.

The plaintiffs attempt to cure Ms. Coble's failure to file a claim within the statute of limitations by alleging that C&S opposed her Order to Show Cause in 2010 by filing

9

notice that the affidavit, originally served in 2005, was properly served.  The plaintiffs try to make an impossible connection between an affidavit executed by Mr. Vega in 2006 to allege that an affidavit singed by Mr. Smith in 2005 was improper with no allegations or documentary evidence to tie the two together.  Ms. Coble's ability to bring a claim under the FDCPA expired in mid-2010, which was one year after she became aware of the default judgment against her.

Mr. and Mrs. Harper were defaulted on October 21, 2002 and December 7, 2005 respectively.  The plaintiffs have alleged that the defendants acted deceptively when they failed to inform Mr. and Mrs. Harper or the Court that there may have been an issue with the service of process prior to being issued a default judgment.  However, the documentary evidence submitted by plaintiffs (i.e. the "Vega Affidavit") provides no proof that Mr. and /or Mrs. Harper were not properly served by Mr. Vega or that C&S was on notice that Mr. and Mrs. Harper were not properly served as neither one of their names appear in the affidavit of Mr. Vega.  Complaint, Exhibit 1.

It is well-settled that if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the Court need not accept as true the allegations of the complaint.  *See Sazerac Company, Inc. v. Falk*, 861 F. Supp. 253 (E.D.N.Y. 1994) *citing Feick v. Fleener*, 653 F.2d 69, 75 & n.4 (2d Cir. 1981).  In addition to the above, the plaintiffs have referenced the matter of *Caprino v. Cohen & Slamowitz, LLP*, which the defendants have attached as **Exhibit A**.  In Caprino, the plaintiff attached a letter from C&S to the plaintiff informing him that he had been defaulted and that it would be commencing judgment enforcement proceedings immediately.  *See* Caprino Complaint, Exhibit G.  The allegations in the plaintiffs'

10

complaint are contradicted by the information that was supplied to Mr. Caprino and, arguably, supplied to the plaintiffs in this action well before August of 2010.

Applying the one-year statute, the Complaint is time-barred and should be dismissed. *See Wright v. Zabarkes*, 2008 WL 872296 (S.D.N.Y. 2008) (dismissing plaintiff's FDCPA claim commenced outside of the one-year statute of limitations); *see also Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704 (2d Cir. 2002) (finding action untimely based on allegations in the complaint, and dismissing under Fed. R. Civ. P. 12(b)(6).

3.     **THE COMPLAINT FAILS SUFFICIENTLY TO PLEAD FACTS THAT WOULD PROTECT THE PLAINTIFFS' CLAIMS FROM THE ONE-YEAR TIME BAR UNDER THE EXTRAORDINARY DOCTRINE OF EQUITABLE TOLLING**

The plaintiffs' complaint fails to plead facts that would protect their claims from the one-year time bar based on the extraordinary doctrine of equitable tolling.  The doctrine of equitable tolling of a statute of limitations applies in situations where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Generally equitable tolling is allowed "only sparingly;" *Id.*, and applies "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Johnson v. Nyack Hosp.*, 86 F.3f 8, 12 (2d Cir. 1996).

Equitable relief for untimely FDCPA claims is extended "only in rare and exceptional circumstances." *Somin v. Total Community Management, Corp.*, 494 F. Supp. 2d 153 (E.D.N.Y. 2007) (granting motion to dismiss untimely FDCPA claims and finding that no equitable tolling existed where there was no factual support for allegations of fraud or concealment by defendants).

11

To invoke equitable tolling, plaintiff must allege "that extraordinary circumstances prevented him from acting in a timely manner." *Id*. at 158.  Equitable tolling only applies where "defendant has engaged in conduct to conceal wrongdoing," which conduct results in plaintiff's failure to discover facts giving rise to the claim "*despite the exercise of reasonable diligence.*"  *Id*. at 158-159 (Emphasis added).  In other words, a plaintiff must show (1) "either that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing;" and (2) that the "plaintiff's remaining in ignorance of the injury was not due to his or her lack of diligence."  *Greenwald v. Manko*, 840 F. Supp. 198, 202 (E.D.N.Y. 1993) *citing New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083-84 (2d Cir.) *cert. denied* 488 U.S. 848 (1988).

Thus for the plaintiffs to state a legally sufficient equitable tolling claim, they must not only allege that defendant engaged in egregious fraud or trickery, but also that plaintiffs exercised due diligence with respect to defendants' conduct.

A.    **The Plaintiffs do not Allege that Defendants Engaged in Conduct Justifying Invoking the Extraordinary Doctrine of Equitable Tolling, and Failed to Exercise the Necessary Due Diligence**

Plaintiffs fail to meet the two prongs of the analysis under the equitable tolling doctrine: (1) that defendants took affirmative steps to prevent plaintiffs from discovering their claims, or that the wrong was "self-concealing," and (2) that plaintiffs' ignorance of their claims was not for lack of diligence.  *See Greenwald*, 840 F. Supp. at 202.

12

### *Plaintiffs did not Engage in any Efforts to Discover their Claims as Required to Invoke Equitable Tolling*

Plaintiffs fail to show that they exercised *any* diligence with respect to discovering defendants' alleged conduct during the period they wish to have their claims tolled.  *See Johnson*, 86 F.3d at 12 (plaintiff not entitled to equitable tolling of untimely claims for lack of diligence during period plaintiff sought to have tolled).  Even where a federal cause of action *has been fraudulently concealed*, "the party seeking the benefits of equitable tolling must have acted reasonably to discover the facts and protect its rights." *Bowers v. Transportation Maritima Mexicana*, 901 F.2d 258, 264 (2d Cir. 1990); *see also, Somin*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (exercise of "reasonable diligence" required by plaintiff to invoke equitable tolling of FDCPA claim).

The plaintiffs allege that Ms. Coble became aware of the default against her in mid-2009.  The plaintiffs further allege that Ms. Coble did not file an Order to Show Cause in her default action until September 7, 2010.  There is no allegation in the complaint that Ms. Coble, prior to September 7, 2010, more than one year after her discovery of the default judgment, made any efforts to discover whether or not she had been properly served and hence, whether or not she may have an FDCPA claim.  There is no merit to any claim that the defendants are estopped from arguing that Ms. Coble's claims are barred by the statute of limitations.

The plaintiffs further allege that Mr. Harper was not aware of the lawsuit filed against him until August of 2010 when "he learned that many New Yorkers were victims of false Midlantic affidavits filed by Defendants and, as a result, examined the online court files made available by the Westchester County Clerk to see if he, too was a victim."  Complaint ¶ 80.  While it appears that the plaintiffs are attempting to allege

13

4632142v.1

some due diligence on Mr. Harper's behalf, the allegations in the complaint make it evident that Mr. Harper failed to take any action prior to 2010 when he met with his current counsel.  If the court files were made available in 2010 and Mr. Harper was able to obtain information relative to the default that had been entered against him, as is alleged in the Complaint, surely any due diligence on behalf of Mr. Harper would have revealed the same information in 2002, 2003, 2004, 2005, 2006, 2007, 2008 or 2009. Instead, Mr. Harper waited more than 8 years to check the Westchester County Clerk's online court files.  There is no estoppel claim available to the plaintiffs that would prohibit the defendants from asserting a statute of limitations defense in light of Mr. Harper's failure to engage in any efforts to discover the default judgment against him prior to 2010.

Finally, the plaintiffs wholly fail to allege that Mrs. Harper took any actions between December of 2005 and August of 2010 to determine if a judgment had been placed against her, despite the fact that it is evident from Mr. Harper's actions that a judgment against Mrs. Harper could have been discovered with a simple review of the Westchester County Clerk's online court files.  The defendants are not estopped from asserting a statute of limitations defense in light of Mrs. Harper's failure to engage in effort to discover a judgment against her prior to August 2010.

In support of their estoppel argument, the plaintiffs allege that "Defendants intentionally kept Plaintiffs ignorant of vital information essential to the pursuit of their claims."  This is belied by the other allegations in the Complaint, especially those asserted by Ms. Coble and Mr. Harper.  Any amount of diligence on the part of the plaintiffs, as is evidenced by the plaintiffs' own allegations that Mr. Harper was able to

14

4632142v.1

find the default judgment online, would have resulted in the plaintiffs learning of the default judgment against them. The "vital information" essential to the plaintiffs' claims was available to them had they made any effort to determine that a judgment had been entered against them. Upon learning that a judgment was entered against them, the plaintiffs had the ability, as is shown by Ms. Coble's actions, to file an Order to Show Cause and claim that they had not been served with process. It was the plaintiffs' failures and not any attempt to conceal the default judgments against the plaintiffs that lead to the plaintiffs' ignorance of their judgments until mid-2009 (Ms. Coble) and August of 2010 (Mr. and Mrs. Harper). As such, there is no argument that the defendants are estopped from asserting a defense based on the statute of limitations.

> ### *Plaintiffs Fail to Allege any Wrongful Conduct by Defendants – Either "Self-Concealing" Wrongful Conduct, or Affirmative Steps to Conceal Fraud – Sufficient to Invoke Equitable Tolling*

Even assuming, *arguendo*, that plaintiffs engaged in any diligence to discover their claims as required to invoke equitable tolling, the conduct alleged in the Complaint does not rise to the level of "self-concealing" conduct or affirmative steps to conceal fraud that are also necessary to invoke equitable tolling. *See Greenwald, supra*; *see also McAnaney v. Astoria Financial Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (mere nondisclosure of fees did not justify equitable tolling of TILA claim; plaintiffs failed to allege fraudulent conduct beyond nondisclosure itself, and nondisclosure or misrepresentation giving rise to TILA cannot also toll the statute of limitations under TILA).

Plaintiffs fail to allege any wrongful conduct by defendants that was inherently "self-concealing." The Second Circuit has stated that "[t]he passing off of a sham article

15

as one that is genuine is an inherently self-concealing fraud, whether what is passed is a fake vase sold as a real antique . . . or a collusive bid purporting to reflect genuine competition."  *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848 (1988) (substantial fraudulent bid-rigging undertaken to hide earlier fraudulent bid-rigging tolled statute of limitations).  In *Hendrickson Bros., Inc.*, the Second Circuit noted that it "was obvious that discovery of the bid rigging would have defeated the enterprise," and because "[i]n order [for the scheme] to endure, it must remain concealed from the victim of the collusive bids."  *Id*. at 1084.

Here, the plaintiffs fail to make any reasonable argument that the defendants took *any steps* to conceal the information contained in the "Vega Affidavit."  The affidavit was submitted during the course of litigation in the U.S. District Court, Eastern District of New York in 2006.  It was not sealed and was and remains public.  The Court addressed the affidavit in a minute entry order on 9/12/06 and informed the defendants to "produce all affidavits of service related to the 95 cases identified to involve defendant Vega on the following three dates: 1/28/2005, 1/29/2005 and 3/24/2005.  In addition defendant Cohen & Slamowitz shall produce the index numbers and court where the actions have been commenced as to any of those 95 incidents of alleged service.  Defendant shall also identify any Answer received in any such case by the index No."  *See* Docket Report in *Caprino v. Cohen & Slamowitz, LLP* attached hereto as **Exhibit B**.

I was counsel in the *Caprino* matter.  The defendants produced the requested information required by the Court.  None of the defendants attempted to seal the Court's order or have the affidavit and/or Court order marked as confidential and removed from the docket sheet.  It is also clear from the Court's order in *Caprino* that the defendants

16

reading of the affidavit, limiting it to the 95 cases in which Mr. Vega positively indicated that he had not made proper service, is the correct reading.  There is no argument, based on both Ms. Coble's allegations and Mr. Harper's allegations that the defendants attempted to conceal the default judgments obtained against the plaintiffs as the information was readily available online.  There is also no argument that the named plaintiffs do not appear anywhere in the "Vega Affidavit" or that the defendants attempted to conceal the release of that affidavit as a public document in the *Caprino* matter.[1]

This is drastically different from the type of "self-concealing" bid-rigging antitrust conspiracy existing in *Hendrickson Bros., Inc.*, in which a number of participants colluded to conceal the antitrust scheme from the victims of the collusive bids by coordinating submission of anticompetitive bids as well as submission of fraudulent affidavits representing that the bids were, in fact, competitive.  *Hendrickson Bros., Inc.*, 840 F.2d at 1084.  The bid-rigging scheme in *Hendrickson Bros., Inc.*, would have been defeated had it not remained concealed, and it necessarily involved "passing off a sham article as one that is genuine."  *Id*. at 1084.

In stark contrast to *Hendrickson Bros., Inc.*, plaintiffs' Complaint does not contain any allegations of a scam that, by its very nature – like anti-competitive bid-rigging – would be ongoing and would remain concealed.  *Id*. at 1083.  The affidavit of Mr. Vega was a public document that was part of a court file in the Eastern District of New York. Information relative to the judgment as to each plaintiff was available to them online in the respective courts in the counties in which they resided.

---

[1] It must also be kept in mind that Vega was a named defendant in *Caprino*.  Despite the fact Vega previously had sworn under oath as to the sufficiency of his services, the Vega Affidavit was provided to the plaintiff in exchange for a discontinuance with prejudice.

17

Moreover, the plaintiffs fail to allege that the defendants took any affirmative steps to conceal the "Vega Affidavit" or to conceal the fact that a judgment had been entered against the plaintiffs.  Had the plaintiffs taken some initiative to discover any possible judgment against them, knowing that each of them had incurred a credit card debt and failed to pay the same, the plaintiffs would have learned of the default judgments and had the capability of filing the proper Order to Show Cause alleging that they were not properly served.  The defendants had no notice that any of the named plaintiffs were not properly served as they are not included in the "Vega Affidavit" as specific individuals in which service was improper.  Indeed, there are no allegations of fraudulent conduct *beyond the alleged FDCPA violations themselves*, and thus the plaintiffs may not invoke equitable tolling.  *Somin*, 494 F. Supp. 2d at 158 ("generally, equitable tolling applies only where defendant has engaged in conduct to conceal wrongdoing [. . .]"); *See e.g., McAnaney*, 2008 WL 222524 (no equitable tolling where plaintiffs failed to allege fraudulent conduct beyond TILA nondisclosure at issue in case). In contrast, the Second Circuit in *Hendrickson Bros., Inc.*, held that there *was* adequate basis for equitable tolling where defendants took affirmative steps to conceal the bid-rigging scheme in that case, including: removal of incriminating documents from an office; documented kickbacks to coconspirators; an agreement between coconspirators to remain silent; and the burning of relevant documents.  *Hendricks Bros., Inc.*, 840 F.2d at 1084.  Here, plaintiffs do not allege *any* affirmative acts of fraudulent concealment of the alleged FDCPA violations at issue in this case.  Plaintiffs fail to show the "extraordinary circumstances" that prevented them from bringing a timely claim under the FDCPA, and thus equitable tolling is not available to them.  *Somin*, 494 F. Supp. 2d at 158.

**B.     The Equitable Tolling Allegations Plainly are Insufficient Under the Heightened Pleading Requirements of Federal Rule 9(b)**

The inadequacy of plaintiffs' equitable tolling allegations is further underscored by the fact that they are not alleged with specificity as required by Fed. R. Civ. P. 9(b). Like all fraud claims, claims of fraudulent concealment meant to toll a statute of limitations come within Fed. R. Civ. P. 9(b)'s requirement that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Eubanks v. Liberty Mortg. Banking Ltd.*, 976 F. Supp. 171, 174 (E.D.N.Y. 1997).

Plaintiffs' "concealment" theory does not meet the Rule 9(b) standard requiring that fraud claims be *alleged with particularity*. This requirement of particularity is well established in the Second Circuit and has been applied to supposed fraudulent concealment of many different causes of action. *See, e.g. Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983) (securities fraud: "appellants' generalized and conclusory allegations of fraudulent concealment do not satisfy the requirements of Fed. R. Civ. P. 9(b)."); *Solow v. Stone*, 994 F. Supp. 173, 182 (S.D.N.Y.) *aff'd* 163 F.3d 151 (2d Cir. 1988) (tortious interference with contractual relations: "plaintiffs' naked assertion that 'the Administrator Defendants fraudulently concealed their actions' . . . does not approach the level of detail necessary to satisfy Rule 9(b)."); *Eickhorst v. E.F. Hutton Group, Inc.*, 763 F. Supp. 1196, 1202 (S.D.N.Y. 1990) (securities fraud: "allegations of fraudulent concealment, like allegations of fraud, must satisfy the pleading requirements of Rule 9(b)."); *Coveal v. Consumer Home Mortgage, Inc.*, 2005 WL 704835 at *5 (E.D.N.Y. 2005) (TILA and Equal Credit Opportunity Act: "The Second Circuit has made clear that pursuant to Fed. R. Civ. P. 9(b), 'notice pleading' of the elements

19

necessary to invoke the fraudulent concealment doctrine is insufficient to withstand a motion to dismiss . . . [it] requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'") (internal citation to *Armstrong, supra*, omitted).

There are no facts alleged in the plaintiffs' complaint that could show, or even create any inference, that the defendants attempted to conceal the default judgments against the plaintiffs or that the defendants attempted to conceal the "Vega Affidavit" from the named defendants, or presented as part of a scheme to defraud, or of a "self-concealing" nature. This is especially true for the allegations submitted by Ms. Coble. Ms. Coble was not a named individual in the "Vega Affidavit," was not served by Mr. Vega and still failed to bring a timely action to vacate the default judgment against her after notice. The plaintiffs are trying to allege fraud and estoppel simply to create a cause of action where it is clear, even from a cursory review of the complaint that this action is well beyond the statute of limitations. The mere conclusory 'concealment' allegations fail to particularize any alleged conduct that could convert plaintiffs' claims from ordinary alleged violations of the FDCPA into the kind of circumstances justifying equitable tolling of the FDCPA one-year statute of limitations.

## Conclusion

The allegations in the plaintiffs' Complaint are well past the one-year statute of limitations provided for by the FDCPA. The plaintiffs have failed to particularize any alleged conduct of the defendants that would allow them to maintain this action based on estoppel or fraudulent concealment. WHEREFORE, the defendants respectfully request that the plaintiffs' complaint is dismissed in its entirety.

4632142v.1

Dated:  June 24, 2011
          New York, New York


                                        Yours, etc.


                      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP




                              By:  */s/ Thomas A. Leghorn*
                                    Thomas A. Leghorn, Esq.
                                    Attorney for
                                    COHEN & SLAMOWITZ, LLP,
                                    DAVID COHEN, ESQ., MITCHELL
                                    SLAMOWITZ, ESQ., LEANDRE
                                    JOHN, ESQ. and CRYSTAL S.A.
                                    SCOTT, ESQ.
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    (212) 490-3000
                                    File No. 11471.00003


                                        21

## <u>CERTIFICATION</u>

I hereby certify that on June 24, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604


Gary Klein, Esq.
Roddy Klein & Ryan
727 Atlantic Ave., 2d Floor
Boston, MA 02111


<u>*/s/ Thomas A. Leghorn*</u>
Thomas A. Leghorn

22

4632142v.1