UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ELIZABETH COBLE, MILAGROS HARPER,   :
and DENNIS HARPER, on behalf of themselves   :
and others similarly situated,   :
                Plaintiffs,   :
                      :      **MEMORANDUM DECISION**
v.   :
                      :      11 CV 1037 (VB)
COHEN & SLAMOWITZ, LLP, DAVID   :
COHEN, ESQ., MITCHELL SLAMOWITZ,   :
ESQ., LEANDRE JOHN, ESQ., and   :
CRYSTAL S.A. SCOTT, ESQ.,   :
                Defendants.   :
-------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs Elizabeth Coble, Milagros Harper, and Dennis Harper bring this action pursuant

to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). Now pending

is defendants' motion to dismiss the complaint (Doc. #9), which, for the following reasons, is

denied.

      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of

the complaint as true.

      Defendant Cohen & Slamowitz, LLP ("C&S") is a large consumer collection law firm.

C&S collects defaulted credit card debts in New York State courts using affidavits of service

provided by Midlantic Service, Inc. ("Midlantic") in support of applications for default

judgments.

Plaintiffs sue on behalf of themselves and all others similarly situated. Plaintiffs were sued by defendants in state debt collection actions commenced between 2002 and 2005. Defendants filed Midlantic affidavits of service in each action and obtained default judgments against each of the plaintiffs.

Plaintiff Elizabeth Coble had a default judgment entered against her in 2005. Ms. Coble learned about this default judgment for the first time in mid-2009. Plaintiff Milagros Harper also had a default judgment entered against her in 2005. Plaintiff Dennis Harper had a default judgment entered against him in 2002. The complaint does not state when the Harpers learned of the default judgments against them.

On October 15, 2005, C&S was sued in the Eastern District of New York for violating the FDCPA. See Caprino et al v. Cohen & Slamowitz, LLP et al., No. 05 Civ. 04814 (E.D.N.Y.). During the course of that lawsuit in October, 2006, C&S became aware of a sworn affidavit of a former Midlantic process server, Kenneth Vega, stating that Midlantic had falsified thousands of affidavits of service between 1995 and 2006 ("Vega Affidavit"). Vega explained that Midlantic followed an illegal but streamlined practice aimed at producing as many affidavits as possible in order to maintain its business relationship with C&S. This practice included no attempts at service before making effective service by the "nail & mail" method; making false references to neighbors; and forgery and false notarization of the process server's signature.

The Vega Affidavit states that the practice of fraudulent service was a company-wide policy implemented with regard to all affidavits submitted on behalf of C&S.

Although C&S has had knowledge of the fraudulently prepared affidavits of service since 2006, it continues to enforce the collection actions relating to those judgments. C&S has not

reviewed the judgments it obtained based on Midlantic's service and has not informed the courts or consumers that it did not have good faith bases to assert the veracity of the Midlantic affidavits on file.

Nonetheless, defendants have continued to affirmatively assert the veracity of the Midlantic affidavits in the course of enforcing the default judgments. When consumers have raised lack of service as a defense to collection, C&S has filed sworn affirmations by its attorneys citing the Midlantic affidavits as proof of service. Plaintiff Coble filed an order to show cause on September 7, 2010, alleging she had never been served, and C&S responded with such an affirmation.[1]

Plaintiffs first became aware of the Vega Affidavit in the middle of 2010. They filed this action on February 15, 2011.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to

---

[1] Plaintiffs Milagros and Dennis Harper do not allege that C&S affirmatively cited Midlantic affidavits in relation to their collections actions.

allow the court to draw the reasonable inference that the defendant is liable for the alleged

conduct. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

The FDCPA prohibits debt collectors from engaging in unfair collection practices,

including making a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, and

using "unfair or unconscionable means" to attempt to collect a debt, 15 U.S.C. § 1692f.

## I.    Statute of Limitations

A claim for violations of the FDCPA may be brought "within one year from the date on

which the violation occurs." 15 U.S.C. § 1692k(d).

Defendants argue that plaintiffs' allegations fall outside of this time period because the

default judgments in the underlying state court cases were entered between 2002 and 2005.

Plaintiffs plausibly allege defendants violated the FDCPA when they applied for default

judgments against plaintiffs. See, e.g., Gargiulo v. Forster & Garbus Esqs., 651 F. Supp. 2d 188,

191-92 (S.D.N.Y. 2009) (FDCPA applies to statements in affidavits submitted by law firm in

default judgment application); Hasbrouck v. Arrow Fin. Servs. LLC, 2010 WL 1257885, at *1-3

(N.D.N.Y. Mar. 26, 2010) (FDCPA applies to statements in affidavits submitted by debt

collector in default judgment application).  If defendants' last violations of the FDCPA occurred

when they obtained default judgments against plaintiffs – in 2005 at the latest – they are time-

barred absent equitable tolling.

However, plaintiffs argue that their cause of action includes the continuing acts and

omissions of C&S in connection with the invalid Midlantic affidavits.  Plaintiffs claim

defendants violated the FDCPA within the last year by affirmatively misrepresenting the

Midlantic affidavits as true and proper, concealing their knowledge of the falseness of the

4

affidavits, and continuing to collect on the underlying judgments.  Although plaintiffs claim in their opposition papers that these violations occurred within the one-year statute of limitations with respect to each plaintiff, the complaint alleges a specific action on the part of C&S within the one-year statute of limitations only with respect to Ms. Coble.  Therefore, Ms. Coble's action is not time-barred.

However, because the complaint does not specifically allege defendants violated the FDCPA with respect to Milagros and Dennis Harper within a year of the commencement of this action, their claims will be barred by the statute of limitations unless equitable tolling applies.

## II.    Equitable Tolling

Equitable tolling applies in extraordinary circumstances where plaintiffs show: (1) defendant concealed the existence of plaintiffs' cause of action; (2) plaintiffs remained ignorant of that cause of action until some point within the limitations period; and (3) plaintiffs' continuing ignorance was not due to lack of diligence.  Sykes v. Mel Harris and Assoc., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (citing  New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988)).  Equitable tolling applies to FDCPA claims in appropriate circumstances.  Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007).

The concealment element is met when plaintiffs show either that the affirmative acts of defendant prevented discovery of plaintiffs' claim or that the wrong itself was self-concealing.  New York v. Hendrickson Bros., Inc., 840 F.2d at 1083.

Plaintiffs first argue defendants actively and knowingly concealed the fact that the Midlantic affidavits and attorney affirmations referencing them were false and improper.[2] In those instances where a consumer raised lack of service as a defense, defendants affirmatively re-asserted the validity of the Midlantic affidavits they knew to be false.

Moreover, defendants are still attempting to collect on the default judgments. Continued collection potentially legitimizes those judgments and conceals the fact that C&S can no longer maintain a good faith belief in their validity. Because plaintiffs had no reason to doubt the authenticity of the Midlantic affidavits until they discovered the Vega Affidavit, defendants' conduct prevented plaintiffs from discovering their claims under the FDCPA in a timely manner.

Defendants dispute plaintiffs' allegations of fraudulent concealment in two ways. Defendants first argue that they were not on notice that the Midlantic affidavits were falsified with respect to the named plaintiffs because the Vega Affidavit does not specifically reference those plaintiffs. They characterize the affidavit as a fabrication by a lone process server seeking to avoid personal liability in an unrelated case. This argument is irrelevant at this stage, where the Court accepts plaintiffs' allegations as true. The Vega Affidavit clearly states that Midlantic's illegal practices were pervasive, and defendants were on notice of these practices as of 2006.

Defendants next argue they have not engaged in fraudulent concealment because they have done nothing to conceal the Vega Affidavit and the prior litigation against them is public

---

[2] Claims of fraudulent concealment are subject to the requirements of Rule 9(b), which provides that plaintiffs claiming fraud must allege the fraud or mistake with particularity. Fed. R. Civ. P. 9(b). Plaintiffs' complaint contains detailed allegations of defendants' fraud sufficient to satisfy the pleading standards of that rule.

knowledge.[3]  However, plaintiffs claim the Vega Affidavit was not available on PACER until

this lawsuit was filed, nor is there any reference on the Caprino v. Cohen & Slamowitz docket

that would provide a consumer with knowledge of the Vega Affidavit's contents.  Plaintiffs

argue they had no reason to suspect that the Midlantic affidavits were fraudulent and could not

have discovered such information until they became aware of the Vega Affidavit in 2010.  Thus,

they could not have discovered, even upon reasonable exercise of diligence, that the affidavits

were false and improper.  By continuing to enforce the collections actions based on those

affidavits, defendants intentionally kept plaintiffs ignorant of information essential to the pursuit

of their claims.

Plaintiffs have sufficiently alleged that defendants were on notice that any default

judgments based on the Midlantic affidavits were potentially fraudulent as of 2006.  They have

also plausibly alleged that by failing to investigate the fraudulent practices of its process service

company and continuing to enforce those judgments, defendants violated the FDCPA and

concealed that violation in the process.

In addition to showing that defendants concealed plaintiffs' cause of action, plaintiffs

must also show that their continuing ignorance was not due to a lack of diligence.  Plaintiffs

argue that because they had no way of knowing that the Midlantic affidavits were falsified, they

could not have engaged in due diligence until they became aware of the Vega Affidavit after

meeting with counsel in 2010.

---

[3] Defendants do not argue that plaintiffs' claims are identical to those asserted by the plaintiffs in
Caprino v. Cohen & Slamowitz.  Thus, they do not argue that plaintiffs were on inquiry notice as
of the filing of that suit and the Court will not address that argument.  See Weiss v. La Suisse,
Societe D'Assurances Sur La Vie, 381 F. Supp. 2d 334, 337–39 (S.D.N.Y. 2005).

Defendants argue that plaintiffs could have learned of their injury if they had inquired into whether any default judgments had been entered against them prior to 2010. This argument does not reflect the practices of a reasonably diligent consumer. See, e.g., Thompson v. Metro. Life Ins. Co., 149 F. Supp. 2d 38, 52 (S.D.N.Y. 2001) (media coverage and prior lawsuits are not sufficient to establish that plaintiffs should have known of their injuries).

Plaintiffs allege that neither the Vega Affidavit nor any other public disclosure of Midlantic's fraudulent practices were available on the court's electronic databases until the commencement of this action. Thus, no amount of diligence, even with knowledge of the default judgments and supporting affidavits of service, would reveal the FDCPA violations alleged in the complaint.

Because the purpose of a motion to dismiss is merely to assess the legal sufficiency of the complaint, the Court will not weigh the factual evidence at this time. The complaint contains specific allegations that defendants were on notice of the falsity of the Midlantic affidavits and continued to enforce those collections actions despite this knowledge. Plaintiffs have thus plausibly alleged a violation of the FDCPA. Because plaintiffs have also alleged that defendants' conduct concealed plaintiffs' cause of action, equitable tolling applies and dismissal is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to dismiss the

complaint (Doc. #9).

The Clerk is instructed to terminate this motion.

Dated: October 31, 2011
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge