UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH COBLE, MILAGROS HARPER, AND
DENNIS HARPER, on behalf of themselves and others           CIVIL DOCKET NUMBER:
similarly situated                                                                      11-CV-01037 (ER)

                                 Plaintiffs,

                        v

COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ.,
MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN,
ESQ., CRYSTAL S.A. SCOTT, ESQ.

                                Defendants.
-----------------------------------------------------------------X

## CONSENT PROTECTIVE ORDER

The parties, having stipulated that a Protective Order should be entered pursuant to Federal Rule of Civil Procedure 26(c), to maintain the confidentiality of certain information and materials to be exchanged between the parties, and it appearing to the Court that such a Protective Order is necessary and appropriate and that it will facilitate discovery; IT IS THEREFORE ORDERED that:

1. <u>Designation of Confidential Information.</u> Each party may identify discovery materials produced by it, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, and deposition exhibits and transcripts, as "CONFIDENTIAL MATERIALS" by affixing thereto the legend: CONFIDENTIAL. To the extent that the party, through counsel, believes discovery materials are confidential because the discovery of materials includes: confidential business or technical information; personal information, including personal financial information about any party to this lawsuit, putative class members or employee of any party to this lawsuit; a party's policies and/or procedures; any information obtained from third parties; information regarding any individual's banking relationship with any banking institution, including, without limitation, information regarding the individual's financial transactions or financial accounts; and any information, not otherwise available to the public, regarding any party, it may designate those materials "CONFIDENTIAL" by stamping them as such. Alternatively, the parties may designate documents as

"CONFIDENTIAL MATERIALS" without stamping, by notifying the other parties of the identity of the documents to be designated as "CONFIDENTIAL MATERIALS." Designations may be made at any time, including after the production of material in discovery.

In no circumstances, however, may a party identify as "CONFIDENTIAL" any material filed with or issued by any Court in any action in any jurisdiction, including but not limited to any document filed by any party with a Court, any decision issued by a Court, any transcript filed with the Court, or any transcript of any proceeding in that Court. Any materials that were filed or issued in the first instance under seal, may still be identified as "CONFIDENTIAL" in this litigation. Inasmuch as Defendants have already compiled request documents on to discs without differentiation between court/litigation documents and those documents not filed with or issued by any Court, the Parties agree that all documents on such discs other than those documents filed with or issued by any Court are designated by Defendants as "CONFIDENTIAL." Nothing herein shall constitute Plaintiffs' waiver of their rights under the procedure outline in this Order to challenge such designation.

2. Definition of CONFIDENTIAL MATERIALS. "CONFIDENTIAL MATERIALS" shall be those items designated under paragraph 1 and any notes, work papers or other documents containing confidential information from such items.

3. Certification of Confidentiality. Affixing the legend "CONFIDENTIAL" to discovery materials produced by the party constitutes a certification by the party that it has read the discovery material and that to the best of its knowledge, information and belief, formed after reasonable inquiry, the discovery material is confidential under the express and implied meaning of the defamation of "CONFIDENTIAL MATERIALS" and is not interposed for any improper purpose such as to harass, or cause unnecessary delay and/or needless increase in the cost of litigation.

4. Definition of Litigation. As used herein "Litigation" shall mean the above captioned action.

5. Limitations on Disclosure of Confidential Information. Discovery Materials

designated "CONFIDENTIAL MATERIALS" shall be maintained in confidence by the party to whom such materials are produced or given, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to any person except the following qualified recipients:

   a. The Court and its officers;
   b. Counsel of record and employees of counsel of record;
   c. In-house counsel;
   d. Each party to this lawsuit;
   e. Outside consultants and experts retained by counselor the parties to assist in this litigation, or witnesses or deponents in advance of and in preparation for testimony, provided that each such third party has been provided a copy of the Consent Protective Order and has signed a receipt acknowledging the receipt of the Order and their agreement to be bound by this Order;[this is fine]
   f. Deponents in depositions in this litigation or witnesses at any hearings or trials, provided any "CONFIDENTIAL MATERIALS" shall be subject to the provisions of paragraphs 12 through 14; and
   g. Any copy services or other service providers engaged by counselor the parties to assist in this litigation.

6  Notice of Disclosure. All persons to whom "CONFIDENTIAL MATERIALS" are provided shall be subject to *this* Order and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this litigation, and shall not disclose such information to any other person except in accordance with Paragraph 5.

7  Retention of Receipts. Counsel to whom "CONFIDENTIAL MATERIALS" are disclosed shall keep in their files the originals of the signed receipts required by the Protective Order.

8  Limitation of Disclosure. "CONFIDENTIAL MATERIALS, or copies thereof, bearing the identification specified in paragraph 1 or portions, summaries, or abstracts thereof, shall not be made public by the party to whom they are disclosed, unless such "CONFIDENTIAL MATERIALS", or copies thereof, become a part of the public record of this litigation.

9   <u>Determination of Confidentiality</u>. This Protective Order shall not foreclose any party from moving this Court for an order finding that the discovery materials bearing the identification specified in paragraph 1 hereof are not subject to the provisions of this Order. This Protective Order shall not shift the burden of proof on this motion from the party asserting that the material is confidential. In the event that one party disputes, in writing, a confidentiality designation by the other party, the party which designated material "CONFIDENTIAL" shall have the burden of timely moving this Court for an order finding that the material is CONFIDENTIAL. Pending the resolution of such a motion, the materials shall continue to be treated as CONFIDENTIAL.

10  <u>Supplemental Orders</u>. This Protective Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the Court for further or additional protective orders. In addition, the parties may agree among themselves to modification of this Protective Order, subject to the approval of the Court.

11  <u>Return of CONFIDENTIAL MATERIALS</u>. Within thirty (30) days after the final termination of this litigation, including any appeals, each counsel shall at the option of the disclosing party, either return all "CONFIDENTIAL MATERIALS" in their possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or certify to the disclosing party that all such materials have been destroyed.

12  <u>Use of CONFIDENTIAL MATERIALS at Depositions</u>. If counsel for any party believes that a question put to a witness being examined in pretrial deposition will disclose "CONFIDENTIAL MATERIALS, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such "CONFIDENTIAL MATERIALS", such counsel may so notify requesting counsel, *and,* in that event, the deposition shall be taken in the presence only of counsel, supporting personnel identified in paragraph 5, parties to the litigation, the court reporter, video operator and their assistants and persons who have signed a receipt acknowledging the receipt of this Protective Order.

13  <u>Designation of Transcripts of Depositions</u>. Transcripts of such depositions shall be treated as "CONFIDENTIAL MATERIALS", except that within thirty (30) business days

after counsel for the party requesting such treatment of deposition as received a copy of the transcript of the deposition, requesting counsel shall designate to other counsel those portions of the transcript regarded as containing "CONFIDENTIAL MATERIALS", and only those portions shall thereafter be treated as "CONFIDENTIAL MATERIALS".

14 Use of Transcripts of Depositions. No copy of any transcript of any deposition taken by any party which is designated in whole or in part as containing "CONFIDENTIAL MATERIALS" shall be prepared for or furnished by the reporter to any person other than to counsel for parties, and provided only to the persons identified in Paragraph 5.

15 No Modification of Privileges. Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, or trade secret or other confidential research, development, or commercial information.

16 Use of CONFIDENTIAL MATERIALS in Discovery, Motions and Trial. "CONFIDENTIAL MATERIALS" may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial, all subject to the provisions of this Protective Order, including but not limited to, Paragraph 17 below, or any further order regarding confidentiality as this Court may enter.

17 Documents Filed in Court. The provisions of this Consent Protective Order shall not preclude the filing of "Confidential Materials" in any affidavits, briefs, memorandum of law, or other papers, or at trial. A party filing "Confidential Materials" in any affidavit, brief, memorandum of law, or other paper with the Court shall file such document under seal, according to the rules of the Court.

18 Inadvertent Disclosure of Confidential Information. If a party or any of its representatives, including counsel, inadvertently discloses any information or documents designated as CONFIDENTIAL pursuant to this Order to persons who are not authorized to use or possess such confidential information, the party shall provide immediate written notice of the disclosure to the party whose confidential information was inadvertently disclosed. Similarly, in the event a party has actual knowledge that confidential information is being used or possessed by a person not authorized to use or possess confidential information or documents pursuant to this Order, regardless of how the

confidential information was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose confidential information is being used or possessed.

19  Notice of Court Subpoena or Order. If another court or administrative agency subpoenas or orders production of information or documents designated CONFIDENTIAL which a party has obtained under the terms of this Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as CONFIDENTIAL of the pendency of such subpoena or order, and shall furnish those attorneys of record with a copy of said subpoena or order.

20  Local, State and Federal Laws Regarding Confidential Information. If a party produces documents or information that contain personal or confidential data and designates such documents or information as "CONFIDENTIAL MATERIALS" in compliance with this Order, that production shall be deemed to be made pursuant to this Order and shall be deemed to have been disclosed consistent with any confidentiality or privacy requirements mandated by local, state or federal law.

21  Material and Information Otherwise Obtained. Nothing in this Order shall apply to documents, information, material, or any portion thereof obtained by any party by means other than produced by the other party in the discovery process in the above-captioned action and/or made public in the prosecution or defense of this litigation. The party having obtained documents by means other than produced by the other party in the discovery process but which documents have been designated as "CONFIDENTIAL MATERIALS" in this matter shall, to the extent it does not implicate attorney-client, work product, or any other privilege, advise how such documents were obtained.

22  No Waiver of Rights. Nothing in this Protective Order shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this litigation of any matter discovered.

23  Binding Effect. The parties hereby agree to abide by the terms of this Consent Protective Order regardless of whether it is entered by the Court.

24  Effect on Scope of Discovery. Nothing in this Protective Order shall in any way to limit or expand the permissible scope of discovery in this litigation.

AGREED

August 17, 2012

SCHLANGER & SCHLANGER, LLP

By: Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
ATTORNEYS FOR PLAINTIFFS
343 Manville Road
Pleasantville, New York 10570
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com

Gary Klein, Esq.
KLEIN KAVANAGH COSTELLO, LLP
ATTORNEYS FOR PLAINTIFFS
85 Merrimac Street, 4th Floor
Boston, MA 02114
Main: 617-357-5500
Direct: 617-357-5035
http://www.kkcllp.com

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: Thomas A. Leghorn, Esq.
Wilson Elser Moskowitz Edelman
& Dicker LLP
ATTORNEYS FOR DEFENDANTS
150 East 42nd Street
New York, NY 10017
Tel: 212-915-5234
Fax: 212-490-3038
Thomas.leghorn@wilsonelser.com

SO ORDERED

U.S.D.J. Edgardo Ramos

Dated: August 13, 2012
White Plains, NY