# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

343 MANVILLE ROAD
PLEASANTVILLE, NEW YORK 10570
TEL: 914-946-1981  FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2012

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.
*ADMITTED IN NY & OH

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
*ADMITTED IN NY & MA



RECEIVED
NOV -7 2012
EDGARDO RAMOS
U.S. DISTRICT JUDGE
S.D.N.Y.

**MANHATTAN OFFICE**
9 East 40th Street, Suite 1300
New York, New York 10016

November 6, 2012

*Pre-motion conference is scheduled for Dec. 4, 2012 at 11:00am. Opposing counsel to state position in writing (not to exceed 3 pages) by Nov. 30, 2012.*

**SO ORDERED:** Dated: 11/28/2012

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

**VIA OVERNIGHT MAIL**

Hon. Edgardo Ramos
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601-4150

        Re:      Coble, *et al.* v. Cohen & Slamowitz, *et al.*
        Index:  11-CV-01037(ER)

Your Honor:

      This office, along with co-counsel, Klein, Kavanagh, Costello, LLP, represents Plaintiffs in the above referenced class action, brought under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"). Pursuant to Your Honor's Individual Rules, Plaintiffs submit this pre-motion letter regarding Plaintiffs' motion under Fed. R. Civ. P. 15(a)(2) for leave to amend the complaint. The Proposed Second Amended Complaint is attached to this letter as <u>Exhibit A</u>.

## FACTS AND PROCEDURAL POSTURE

      Plaintiffs commenced this class action on February 15, 2011, seeking statutory damages, declaratory judgment, and injunctive relief against the Defendant Cohen & Slamowtiz, LLP ("C&S") pursuant to the FDCPA. Plaintiffs allege that C&S has misrepresented to consumers and the courts that tens of thousands of affidavits of service prepared on its behalf by now-defunct process server Midlantic Process, and the related attorney affirmation, were true and proper after November 2006, when Defendants could no longer plausibly maintain such a belief. Relatedly, Plaintiffs allege that Defendants engaged in deceptive conduct by continuing to collect the consumer debts at issue after November 2006, without informing or attempting to inform consumers that the Midlantic Affidavits and related attorney affirmations were false, and/or that Defendants no longer had a reasonable, good faith belief in their accuracy.

      On October 31, 2011, Judge Briccetti denied Defendants' motion to dismiss finding that Plaintiffs' claims were all timely either based on FDCPA violations occurring within a year of filing or based on equitable tolling. In denying Defendants' motion, the Court noted that "continued


**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

collection potentially legitimizes those judgments and conceals the fact that C&S can no longer maintain a good faith belief in their validity"; that Plaintiffs "plausibly alleged that by failing to investigate the fraudulent practices of its process service company and continuing to enforce those judgments, defendants violated the FDCPA and concealed that violation in the process"; and that "by continuing to enforce the collections actions based on those affidavits, defendants intentionally kept plaintiffs ignorant of information essential to the pursuit of their claims." Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568, 571-572 (S.D.N.Y. 2011)

Pursuant to the discovery order in place at the time, Plaintiffs amended the Complaint as of right on December 9, 2011, the changes principally consisting of the addition of a claim for actual damages under the FDCPA, and additional factual allegations with regard to two of the named plaintiffs.

Since the denial of Defendant's motion to dismiss, discovery has revealed further details about the fraudulent nature of the Midlantic Affidavits and the pervasive impact on consumers of C&S's actions. In particular, former Midlantic Process "server" Alfred Smith testified under oath on June 14, 2012, that he never served process at night or early morning, rendering false any affidavit of service purporting to show service attempts at those. Notably, Smith further testified that he never signed *any* affidavits of service for Midlantic Process, and *that he had, in fact, never seen an affidavit of service prior to being shown affidavits of service purporting to bear his signature at the deposition.* Discovery has also revealed details of the financial arrangement between C&S and Midlantic from 1992 to 2006 (when Midlantic ceased operations) that made falsification of affidavits of service completely predictable.

Accordingly, Plaintiffs seek to amend the Complaint to include the following:

1) More detailed factual allegations related to information disclosed in discovery;

2) A sub-class of consumers who have suffered actual damages in the form of money taken from them by Defendant in enforcement of the fraudulently obtained judgments;

3) A claim for actual and punitive damages for consumer-oriented deceptive acts under New York General Business Law § 349 related to C&S's continued efforts to collect on tens of thousands of judgments based on Midlantic Affidavits of Service.

4) A claim for actual and treble damages under New York Judiciary Law § 487 for C&S's attempts to deceive consumers and New York State courts through acts and omissions regarding enforcement of the fraudulently obtained judgments and opposition to consumer motions to vacate the judgments.

5) A claim for restitution on behalf of the sub-class of consumers based on unjust enrichment resulting from the collection of money in enforcement of the judgments.

6) Additional allegations regarding tolling of the statutes of limitations, included to make more explicit and detailed reference to the Discovery Rule.

SCHLANGER & SCHLANGER, LLP
ATTORNEYS AT LAW

## LEGAL ARGUMENTS

Under Fed. R. Civ. P. 15(a), "leave to [amend] shall be freely granted when justice so requires." "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment' will serve to prevent an amendment prior to trial." Mathon v. Marine Midland Bank, N.A., 875 F.Supp. 986, 1002 (E.D.N.Y.1995) (*quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)).

In assessing the likelihood of prejudice, the court should consider whether the proposed amendment will "(i) require the opponent to expand significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993). Furthermore, any prejudice demonstrated "must be balanced against the court's interest in litigating all claims in a single action and any prejudice to the movant which would result from a denial of the motion." State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (E.D.N.Y.2007)(quotations omitted).

It is clear that "undue delay, bad faith, or dilatory motive" are not present with respect to the proposed Amended Complaint. Similarly, there is no undue prejudice to Defendants should the Court allow the proposed amendment to the instant complaint. Moreover, because Plaintiffs additional causes of action are based on the same set of facts and circumstances alleged in the first Complaint, Defendants will not be forced to incur "significant additional resources to conduct discovery and prepare for trial." Block v. First Blood Assoc., 988 F.2d at 350.

In determining whether a proposed amendment would be futile, "plaintiff must merely show that it has 'at least colorable grounds for relief.'" Shiah Yih Industries Co., Ltd. v. Sitco Importing Co., Inc., 1997 WL 304903 at *4 (S.D.N.Y. 1997) (*quoting* Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984)). Plaintiff is well within this standard in the instant case, having alleged behavior on the part of C&S which would trigger liability under the causes of action alleged.

For the reasons stated above, Plaintiffs respectfully submit that a motion seeking the leave to amend the Complaint is warranted.

Respectfully,

/s/ Daniel A. Schlanger

cc:   Thomas Leghorn, Esq.;
      Gary Klein, Esq.;
      Shennan Kavanaugh, Esq;
      Peter T. Lane, Esq.

3