UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/10/13

-------------------------------------------------------------x

ELIZABETH COBLE, MILAGROS HARPER and
DENNIS HARPER, on behalf of themselves and
all others similarly situated,

         Plaintiffs,

**ORDER**

11 Civ. 1037 (ER)(GAY)

   -against-

COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ,
MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN, ESQ.
and CRYSTAL S.A. SCOTT, ESQ.,

         Defendants.

-------------------------------------------------------------x

  Before the Court is a discovery dispute concerning plaintiffs' discovery demand for the personal income tax returns of defendants David Cohen and Mitchell Slamowitz for the years 2009 - 2012. Plaintiffs asserts that the tax returns are relevant to substantiate the net worth of said defendants. In class actions under the Fair Debt Collection Practices Act recoverable damages are limited to the lesser of $500,000 or 1% of the debt collector's net worth. See 15 U.S.C. § 1692k(a)(2)(B)(ii). Plaintiffs contend that defendants Cohen and Slamowitz are debt collectors personally involved in the collection of the accounts at issue herein. Defendants set forth that they have offered to provide net worth statements prepared by accountants and sworn to be said defendants. Defendants also contend that said defendants were not personally involved in the collection of the debt; and that disclosure of sensitive tax returns should not be required given their offer to provide sworn net worth statements.

The Court concludes that plaintiffs have made a sufficient threshold showing that defendant Cohen and defendant Slamowitz were personally involved in the collection of the accounts herein. As such, the net worth of said defendants would be relevant to the issue of recoverable class damages. See Miller v. Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, No. CV 10-2156, 2011 WL 6105033, at *2 (E.D.N.Y. Dec. 7, 2011). However, net worth discovery of individual defendants is often provided by less intrusive means than income tax returns. See Simon v. Williams & Fudge, Inc., No. 07 Civ. 2856, 2008 WL 268294, at *1(S.D.N.Y. Jan. 28, 2008)(sworn affidavits stating net worth including balance sheets listing assets and liabilities ordered for punitive damages discovery); see also Sabatelli v. Allied Interstate, Inc., No. 05-32-5, 2006 WL 2620385 (S.D.N.Y. Sept. 13, 2006); Collins v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004).

Accordingly, the Court directs defendant Cohen and defendant Slamowitz to provide net worth statements prepared by licensed accountants and sworn to be said defendants for the years requested by plaintiffs. The Court will give plaintiffs leave to renew their request for the tax returns if upon a review of the net worth statements they can demonstrate a compelling need for the same.

SO ORDERED:

Dated: April 9, 2013
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.